PER CURIAM.
[l]_|jThis matter is before the court regarding an exception of no cause of action. For purposes of determining the issues raised by the exception, all facts well-pleaded in the petition must be accepted as true. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La.1993).
Plaintiff buyers allege that the sellers, given the option to choose in the disclosure form required by LSA-R.S. 9:3198 et seq. “yes,” “no,” or “no knowledge,” checked the “no” boxes for each inquiry regarding defects in the property, but later, after defects were discovered, claimed to never have been in a position to know of any defects that may have existed in the premises.
Plaintiffs specifically allege that:
Defendants failed to advise the plaintiffs that they were not in a position to know one way or another whether the premises contained defects and thus intentionally misled the plaintiffs into believing that the defendants executed the disclosure form with knowledge of that which they stated. [That there were no defects]
LSA-R.S. 9:3198(B)(1) provides:
The seller shall complete the property disclosure document in good faith to the best of the seller’s belief and knowledge as of the date the disclosure is completed and signed by the seller. If the seller has no knowledge or information required by the disclosure document, the seller shall so indicate on the disclosure statement and shall be in compliance with this Chapter. [Emphasis added.]
| ^Plaintiffs further allege that by misrepresenting the degree and quality of their knowledge of the premises, the sellers were in bad faith and fraudulently induced buyers to execute a waiver of redhibition, which plaintiffs allege to be void.
The court of appeal sustained the exception of no cause of action, stating that plaintiffs were required to plead actual knowledge of defects on the part of sellers, presumably relying upon LSA-C.C. art. 2548, which provides, in pertinent part, “A buyer is not bound by an otherwise effective exclusion or limitation of the warranty when the seller has declared that the thing *795 has a quality that he knew it did not have.” (Emphasis added.)
Here, it seems the sellers wish to avoid being deemed to have declared that the thing sold had a quality (no defects) that they knew it did not have by claiming that they did not know, one way or another, because they were not in a position to know, whether the thing they sold had defects or not (and thus their representation that the thing sold had “no” defects is excused).
If this argument is accepted and the exception is maintained, the plaintiffs will have to provide proof of actual knowledge of defects on the part of the seller in order to prevail at trial, whereas ordinarily plaintiffs need only prove that the thing sold contained defects, regardless of knowledge thereof on the part of the seller. LSA-C.C. art. 2520 et seq.
We do not believe that a seller can represent a thing to have no defects in order to procure a waiver of redhibition and then claim that they were not in a position to know whether there were defects or not, as alleged by the plaintiffs, while using the waiver of redhibition to require the buyer to prove actual knowledge of the defect by the seller rather than merely that the thing sold contained a defect which rendered it useless (regardless of the seller’s knowledge [3of same). Sellers cannot avoid their representation of no defects by claiming “we really didn’t know.”
Plaintiffs have specifically alleged that the waiver of redhibition was obtained by fraud, thus it cannot be presumed “otherwise effective.” Plaintiffs have stated a cause of action to challenge the validity of the waiver and are entitled to litigate this threshold issue, which will determine the proof required of them on their redhibition claim.
Accordingly, the ruling of the lower courts is reversed and the exception of no cause of action is hereby denied. This case is remanded to the district court for further proceedings, consistent with the views expressed herein.
REVERSED AND REMANDED.